IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>THOMAS E. MOWER, LESLIE D. MOWER, JAMES THOMPSON,<br><br>            Defendants. | ORDER<br><br>Case No.  2:02CR787DAK |

      This matter is before the court on James Thompson's Motion for Stay Pending Sentence, Thomas E. Mower's Motion for Release Pending Appeal, and Leslie D. Mower's Motion for Release Pending Appeal.  The government has responded to each of these motions, and the court concludes that a hearing on the motions is not necessary.  Based on the written submissions by the parties, the court renders the following Order.

      Pursuant to 18 U.S.C. Section 3143(b), a person who has been found guilty of an offense and sentenced to a term of imprisonment and subsequently appeals, shall be detained unless there is clear and convincing evidence that (1) the person is not likely to flee, (2) the person does not pose a danger to the safety of any other person or the community, and (3) the appeal is not for the purpose of delay but raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the

expected duration of the appeal process.

In this case, none of the defendants are likely to flee or pose a danger to other persons or the community. It is also clear, given the defendants' attempt to stipulate with the government to not appeal, that the appeals are not for the purpose of delay. Therefore, the only issue before the court is whether defendants' appeals raise substantial questions of law that are likely to result in a reversal, new trial, or reduced sentence. The Tenth Circuit views this determination as a two-step analysis: (1) whether a substantial question has been raised; and (2) whether that question is likely to result in a reversal, new trial, or reduced sentence if the appeal is decided in favor of the defendant.

In attempting to define the term "substantial question" under the first prong, the Tenth Circuit has relied on the Eleventh Circuit's definition, which explains that "'[a] "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way.'" *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). The court stated that "[w]hat constitutes a 'substantial' question under the first prong of this test must be considered in light of congressional intent," which was "to reverse the presumption in favor of bail pending appeal under the former law and to make the standards for granting bail pending appeal more stringent." *Id.* It has also recognized that "whether a particular question is 'substantial' must be determined on a case-by-case basis" under that general guidance. *Id.*

Under the second prong, the Tenth Circuit has explained that the statutory language "must be read as going to the significance of the substantial issue to the ultimate disposition of

the appeal." *Id.* at 953.  In other words, "[a] court may find reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.*

      *A. Thomas and Leslie Mower*

Thomas Mower asserts that his appeal raises the following substantial questions: (1) the government's use of the crime-fraud exception to invade the attorney-client privilege during the grand jury process; (2) the lack of evidence at trial establishing the government's theory that the foreign commission checks were Thomas Mower's personal income; (3) the admission of government summaries alleging unreported personal income; and (4) the use of jury instructions defining the distinction between personal and corporate income.

Similarly, Leslie Mower contends that her appeal raises the following substantial questions: (1) the failure to instruct regarding the control of corporate income by owners of a closely held corporation; (2) the admission of the government's summaries of personal income; (3) the government's amendment of the Indictment by arguing at trial that the jury could convict if it found foreign corporate commission income had been diverted to the Mowers for their personal use; and (4) the statute of limitations.

The court does not agree that any of these issues constitute substantial questions on appeal.  The questions of law regarding the attorney client privilege and statute of limitations are not a close enough call to be considered a substantial question.  The issues regarding the sufficiency of evidence are also contrary to the jury's verdict and the weight of the evidence presented at trial.  There is also no basis in law or fact for Leslie Mower's assertion that the

Indictment was constructively amended at trial.  In addition, even if the issues regarding the admission of summaries and the substance of jury instructions presented substantial questions on appeal, they would likely be considered harmless error given the weight of the evidence in support of the jury's verdict.  Therefore, the court denies Thomas Mower's and Leslie Mower's motions for release pending appeal.

    *B.  James Thompson*

James Thompson argues that his appeal raises the following substantial questions: (1) the sufficiency of the evidence to sustain his conviction; and (2) the court's use of the sentencing enhancement for the use of a special skill.   The court concludes that neither of these issues present a substantial question because they are not question that could very well be decided the other way.  In addition even if they were substantial questions on appeal, they would not likely result in reversal, a new trial, or a reduced sentence.  Because Thompson's arguments are not based in law or fact and are not likely to result in reversal, a new trial, or a reduced sentence, his motion for stay of sentence pending appeal is also denied.

## CONCLUSION

Based on the above reasoning, Defendant Thomas E. Mower's Motion for Release Pending Appeal is DENIED, Defendant Leslie D. Mower's Motion for Release Pending Appeal is DENIED, and Defendant James Thompson's Motion for Stay of Sentence Pending Appeal is DENIED.

DATED this 30th day of October, 2006.

                                              _____
                                              DALE A. KIMBALL,
                                              United States District Judge